# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMBER LIQUIDATORS, INC., Plaintiff, vs. KEVIN H. SULLIVAN, Defendant. | Case No. EDCV 12-1191-ABC (DTBx) **ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |

On July 13, 2012, defendant filed a Motion for a Protective Order ("Motion") seeking a protective order prohibiting plaintiff from conducting further post-judgment discovery in connection with plaintiff's collection efforts on an arbitration award plaintiff obtained against defendant. In the alternative, defendant seeks a protective order prohibiting plaintiff from conducting further post-judgment discovery until after the arbitrator in a related matter has issued a decision, and, if an award is made in the related matter, after such date that any award is confirmed. On August 6, 2012, plaintiff filed an Opposition ("Opp.") to the Motion and requested sanctions. Defendant filed a Reply ("Reply") on the same date. On August 23, 2012, plaintiff filed a Supplement to Memorandum of Points and Authorities in Opposition to Defendant's Notice of Motion and Motion for a Protective Order. As the Court advised in its July 24, 2012 Minute Order, the Motion would be taken under submission without oral argument.

Thus, this matter is now ready for decision. For the reasons discussed below, defendant's Motion is DENIED and plaintiff's request for sanctions is DENIED.

## PROCEDURAL BACKGROUND

On December 11, 2008, plaintiff terminated defendant from its employment. (Declaration of Kevin H. Sullivan ["Sullivan Decl."] in support of Motion, at ¶3.) In December 2009, defendant filed a lawsuit in the Los Angeles County Superior Court alleging that plaintiff wrongfully terminating him in violation of the Family Medical Leave Act ("FMLA") and California law. This action was removed to the United States District Court, Central District of California. (Opp. at 4.) On December 3, 2010, the Court stayed this action and ordered the parties to arbitrate the matter. (Opp. at 6.) On December 10, 2010, defendant filed an arbitration action against plaintiff (the "FMLA Arbitration"). (Sullivan Decl., at ¶8.) Hearings were held in the FMLA Arbitration from June 11-13, 2012. (Declaration of Thad A. David ["David Decl."] in support of Motion, at ¶4.) A decision in the FMLA Arbitration is expected by September 1, 2012. (Supplemental Declaration of Thad A. Davis ("Supp. Davis Decl.") in support of Reply, at ¶4.)

In a separate action, on March 8, 2010, plaintiff filed an arbitration action against defendant, alleging that he breached his employment, confidentiality, and non-compete agreements by among other things, owning and operating a business that sold flooring products similar to those products sold by plaintiff (Wholesale Wood Floor Warehouse Corp., or "WWFW"). (Opp. at 4-5.) An Arbitration Decision and Award ("Award") was rendered in that action on October 27, 2010. As part of the Award, defendant was ordered to pay plaintiff $359,389.00, plus interest. (Declaration of David J. Cook ["Cook Decl."] in support of Opp., at ¶4, Exhibit ["Exh."]. A at p. 60, ¶10.) Thereafter, plaintiff filed an action in the United States District Court, District of Massachusetts, to confirm and convert the Award into a judgment. (Opp. at 1, 6; Cook Decl., Exh. B.) On January 20, 2012, the Court

confirmed the monetary portion of the Award and entered Judgment.[1] (Cook Decl., Exh. B; Davis Decl., Exh. B.) To date, the Judgment has not been satisfied.

On May 29, 2012, the First Execution relating to the Judgment was served on defendant. (Opp. at 7.) On June 11, 2012, plaintiff filed an Application in Support of Order Directing the Clerk of the Court to Issue Writs of Execution, Abstracts of Judgment, and Other Supplemental Process in this action. On June 12, 2012, as part of plaintiff's collection efforts, plaintiff served defendant with post-judgment interrogatories and requests for production of documents seeking to determine any assets which may be available to satisfy the judgment. (Davis Decl., Exh. D; Sullivan Decl., at ¶9.)[2]

As explained, the instant Motion was filed on July 13, 2012.

**DISCUSSION**

**I. Defendant's Motion for a Protective Order is denied.**

Under Fed. R. Civ. Proc. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The party opposing disclosure has the burden of proving good cause, which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011) (as amended) (citation omitted), cert. denied, 132 S. Ct. 1867 (2012). Courts have broad discretion to decide when a protective order is appropriate and what degree of protection is required. Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002).

---

[1] The Court confirmed the Award except as it applied to WWFW. (Cook Decl., Exh. B; Davis Decl., Exh. B.)

[2] The Court notes that the proof of service on the discovery requests indicates that the discovery was served by mail on June 11, 2012. (Davis Decl., Exh. D.)

Here, defendant contends that a protective order is warranted because plaintiff's discovery requests were served for an illegitimate purpose, *i.e.*, to disrupt defendant's testimony and hinder his ability to assert his FMLA claims against plaintiff in the FMLA Arbitration. (Motion at 6.) In support of his contention, defendant argues that plaintiff's motive is evident from the timing of the service of the discovery requests on the same day that defendant was expected to provide adverse testimony against plaintiff in the FMLA Arbitration and also because the arbitrator in that arbitration "impliedly conceded as much by directing [plaintiff] to hold its purported discovery attempts in abeyance or submit briefing regarding whether [defendant] could recover emotional distress damages due to [plaintiff's] actions." (Id.) The Court does not agree.

First, plaintiff was within its rights in propounding discovery. Under, Fed. R. Civ. Proc. 69(a)(2), a judgment creditor may obtain discovery from a judgment debtor. Defendant has not provided any authority for the proposition that he is entitled to a stay of discovery solely because he has another matter pending which involves the same party.[3] Further, plaintiff has provided evidence that it tried repeatedly and in good faith to satisfy the Judgment and reach a settlement. (See Declaration of E. Livingston B. Haskell ["Haskell Decl."] in support of Opp., at ¶¶6-8.) The Award was entered on October 27, 2010 and the Judgment was entered on January 20, 2012. Yet, despite the significant passage of time and his alleged willingness to do so (Sullivan Decl., at ¶7), defendant has made no effort to satisfy

[3] To the extent defendant contends that he is entitled to an offset based on the FMLA Arbitration (Reply at 5), the authority upon which he relies does not support his position. Cal. Gov't Code § 12419.5 addresses offsets of amounts due to a state agency; Cal. Civ. Proc. Code § 431.70 addresses the statute of limitations defense in cross-demands for money; and Cal. Civ. Proc. Code § 666 addresses claims in cross-complaints. None of these statutes are applicable here. Further, the FMLA Arbitration remains pending and to date, defendant has not obtained a monetary judgment against plaintiff.

the Judgment against him. Indeed, plaintiff has alleged that defendant has fraudulently conveying assets in order to avoid satisfying the Judgment against him. (See Opp. at 13-14.) Had defendant simply satisfied the Judgment against him, plaintiff would not be forced to seek discovery regarding potential assets to satisfy the Judgment.

Second, defendant's primary concern is that plaintiff propounded discovery on the same date that he was scheduled to give testimony in the FMLA Arbitration. (See Motion at 6; Sullivan Decl., at ¶¶9-10.) However, the hearing in the FMLA Arbitration has concluded and a decision is expected by September 1, 2012. (See Davis Decl., at ¶4; Supp. Davis Decl., at ¶4.) Post-hearing arbitration briefs were due by July 30, 2012. (Opp. at 11; Haskell Decl., at ¶13.) Thus, there no longer appears to be any concern of any prejudice the discovery would have on defendant in the FMLA Arbitration. Defendant has failed to demonstrate otherwise.

Third, nothing in the arbitrator's comments in the FMLA Arbitration suggest that plaintiff's discovery requests were improper. Plaintiff purportedly propounded the discovery the same day that defendant was expected to provide testimony in the FMLA Arbitration. (Sullivan Decl., at ¶9.) The following day, defendant's counsel raised the issue in the FMLA Arbitration seeking to introduce evidence regarding the discovery requests into evidence.[4] (Davis Decl., Exh. E at 439.) Counsel for plaintiff objected on the basis of relevance. (Id. at 439-40.) Defendant's counsel argued that the discovery requests were relevant because the Judgment was approved in January, but plaintiff waited until the day defendant was scheduled to testify to serve the discovery. Because the requests mentioned documents related to defendant's children, they were upsetting to plaintiff, which in turn, was relevant to his emotional

---

[4] Defendant's counsel explained that counsel and plaintiff were served with "a thick sheath of papers that purport to be various collection actions, subpoenas for documents, and various--all four federal courts in California." (Davis Decl., Exh. E at 439.)

distress claim. (Id. at 440-41.) The arbitrator agreed to allow the evidence and thereafter decide what weight to give it. He further noted that "the law on emotional distress damages is that you're not entitled to emotional distress damages for the litigation that you're pending, but you may be because there's other litigation that a party is bringing." Therefore, the arbitrator requested the parties to research the law on that issue and provide that to the arbitrator in the rulings of law. He further noted that "[i]f you want to obviate the necessity for this emotional distress from this issue, I would suggest to [plaintiff] that it think about withdrawing these subpoenas." (Id. at 442-43.) Nothing in the foregoing suggests that the arbitrator determined that plaintiff's actions were improper. At most, the arbitrator explained that the issue could be resolved if plaintiff withdrew the discovery; he did not state that plaintiff must withdraw such discovery or that such discovery must be stayed.

To the extent that defendant alternatively contends that a protective order is warranted because the discovery imposes an undue burden, defendant has failed to provide sufficient support for this contention. The Central District of California Local Rules require the moving party to identify "all issues in dispute." See Local Rule 37-2.1. Here, defendant contends generally that the discovery requests were unduly burdensome because "they lack any meaningful limiting factors whatsoever." (Motion at 7.) However, defendant only identified two of the discovery requests in dispute, explaining that they were being provided "[b]y way of example." Defendant must provide the Court with each request he contends is unduly burdensome as well as the basis for the objection as to each request. Defendant has failed to do so.

Finally, a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. Proc. 26(c)(1). Local Rule 37-1 also requires the parties to meet and confer in a good faith effort to eliminate the necessity for a motion or to eliminate as many of the disputes as possible. To the extent the parties are unable to resolve their differences, they shall

formulate and submit a joint stipulation regarding the dispute in one document. Local Rules 37-2, 37-2.1. Here, defendant's meet and confer efforts were insufficient to comply with the requirements under the Federal Rules of Civil Procedure and Local Rules. Neither a certification nor a joint stipulation was filed with the Motion. Nor does it appear defendant made any substantial good faith meet and confer efforts to resolve this dispute prior to filing this Motion. At most, it appears there was an exchange of letters and some discussion during the FMLA Arbitration. Had defendant properly complied with his meet and confer obligations, he may have resolved the dispute at that time and without Court intervention.

Accordingly, based on the foregoing, the Court finds and concludes that defendant has failed to show good cause warranting the issuance of a protective order.

**II. Plaintiff's request for sanctions is denied.**

A court may impose sanctions under its inherent powers, or pursuant to Fed. R. Civ. P. 37. See generally Fed. R. Civ. P. 37; Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008) (explaining that a district court's authority to impose sanctions under its inherent powers is broad, although not limitless). Fed. R. Civ. P. 37 authorizes a court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). Further, under the Local Rules, the failure to comply with or cooperate in the meet and confer process, including the failure to file a joint stipulation, may result in the imposition of sanctions. See Local Rule 37-4.

Here, plaintiff requests monetary sanctions and a disentitlement order based on defendant's failure to meet and confer, misrepresentations, efforts to hide assets, and his malicious victimization of plaintiff. (Opp. at 15-16.) Most of these issues are not currently before the Court and the Court does not otherwise find sanctions are

appropriate in this instance. As such, the Court denies plaintiff's request for sanctions.

**ORDER**

1. Defendant's Motion for a Protective Order is DENIED without prejudice.

2. Plaintiff's request for sanctions is DENIED.

DATED: August 31, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE